Filed 11/26/25  P. v. Donahue CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100859 |
| Plaintiff and Respondent, | (Super. Ct. No. 94F06251) |
| v. | |
| TROY DONAHUE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Troy Donahue[1] filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 asking this court to independently review the record to determine whether there are any arguable errors that would result in a disposition more favorable to defendant.  Our review of the record revealed that the abstract of judgment

---

[1]     The prosecution amended the information to include the full name of the defendant, "Lorenzo Troy Donahue."  The abstract of judgment and notice of appeal list defendant's name as "Troy Donahue."  We use the latter name in this opinion.

1

erroneously lists fines and fees that were waived or not imposed by the trial court and includes restitution not ordered by the court. We order the trial court to issue a corrected abstract of judgment and otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 1994, a jury found defendant guilty of two counts of robbery. The trial court subsequently found that defendant had previously been convicted of two serious felonies and served a term in prison for a third prior felony conviction. The court sentenced defendant to two consecutive terms of 25 years to life in prison for the two robberies under California's "Three Strikes" law, plus two consecutive five-year terms for the two prior serious felony convictions under Penal Code[2] section 667, subdivision (a), for an aggregate sentence of 60 years to life in prison. The court imposed but stayed a one-year prior prison term enhancement under former section 667.5, subdivision (b).

In 2023, the Department of Corrections and Rehabilitation identified defendant as eligible for resentencing under section 1172.75, so the trial court initiated the resentencing process. (§ 1172.75, added by Stats. 2021, ch. 728, § 3; see also Stats. 2022, ch. 58, § 12 [renumbering section without substantive change].) Defendant asked the trial court to strike his prior serious felony convictions as to both of his robbery convictions, dismiss all three enhancements, and sentence him to a determinate sentence of five years in prison. Alternatively, defendant asked the court to strike one of his prior serious felony convictions as to each robbery conviction and sentence him to 10 years in prison. The prosecution argued that any reduction of defendant's sentence other than the required dismissal of the invalid one-year enhancement would endanger public safety.

The trial court denied defendant's request to strike his prior serious felony convictions as to the first robbery count and sentenced him to 25 years to life in prison

---

[2]    Undesignated statutory references are to the Penal Code.

2

for that offense.  For the second robbery count, the court granted defendant's request to strike the prior serious felony convictions and imposed a lower term sentence of two years in prison.  The court also struck the two five-year prior serious felony enhancements and the one-year prior prison term enhancement, resulting in an aggregate sentence of 27 years to life in prison.

Defendant asked the trial court to find that he was indigent and "waive all waivable fines and fees."  The court responded, "With the power I have, it's granted."  The court did not impose any fines or fees.  The abstract of judgment and the subsequent amended abstract of judgment list the following fines and fees:  A $200 restitution fine under section 1202.4, subdivision (b); a suspended $200 parole revocation restitution fine under section 1202.45; and a $20 crime prevention program fee.  The abstract of judgment also includes "[o]ther orders" apparently requiring defendant to pay $350 and return a gold necklace.  This notation indicates that these amounts are associated with a different case.

Defendant appeals.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende*, *supra*, 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Our review of the record reveals fines and fees included on the abstract of judgment that the trial court never imposed.  The only mention of fines and fees at the resentencing hearing was the trial court granting defendant's request to "waive all waivable fines and fees."  Thereafter, the court did not impose any fines or fees.  Nevertheless, the abstract of judgment lists a $200 restitution fine, a $200 parole

3

revocation restitution fine, and a $20 crime prevention program fee. The abstract of judgment also lists apparent restitution payments related to a different case, though the court did not order any restitution at the resentencing hearing. These amounts appear to have been copied over from the prior abstract of judgment, except the parole revocation restitution fine, which was enacted the day before the original abstract of judgment was prepared and not imposed at the time. (See Stats. 1995, ch. 313, § 6, p. 1751.)

"Where there is a discrepancy between the oral pronouncement of judgment and the minute order or the abstract of judgment, the oral pronouncement controls." (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385.) " 'If the clerk includes fines in the court's minutes or the abstract of judgment that were not part of the oral pronouncement of sentence, those fines must be stricken from the minutes and the abstract of judgment.' " (*People v. Clark* (2021) 67 Cal.App.5th 248, 261.) "Courts may correct clerical errors at any time, and appellate courts (including this one) that have properly assumed jurisdiction of cases have ordered correction of abstracts of judgment that did not accurately reflect the oral judgments of sentencing courts." (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Because the trial court waived all waivable fines and fees, did not impose any new fines and fees, and did not order restitution in this case, we order the court to prepare a corrected abstract of judgment striking these fines, fees, and restitution orders.

## DISPOSITION

The trial court is directed to prepare a corrected abstract of judgment that correctly reflects that it did not impose any fines or fees and did not order restitution in this case and to forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.


/s/
ROBIE, Acting P. J.



We concur:


/s/
MAURO, J.


/s/
KRAUSE, J.

5